Opinion

per curiam:

In this suit plaintiff seeks to recover interest paid on deficiencies for the years 1942 and 1948. These deficiencies were duly assessed. Later the deficiency for 1942 was extinguished in part by the allowance of relief under section 122 of the Internal Revenue Code for that year [54 Stat. 974, 986, Oct. 8,1940.] and also the carry-back of an unused excess profits *119 credit from 1944. The deficiency for 1943 was extinguished entirely by the allowance of relief under section 722. Plaintiff has filed a motion for summary judgment which defendant has opposed and defendant itself has filed a motion for summary judgment.
The questions presented are: (1) Where deficiencies in excess profits taxes for 1942 and 1943 were assessed and paid together with interest thereon and later, as a result of allowance of relief under section 722, overassessments were determined, is the plaintiff entitled to recover the interest paid on those portions of the deficiencies which were later eliminated as the result of the section 722 relief; and (2) in the alternative, if the plaintiff is entitled to recover the interest on the deficiencies referred to above, is the Government entitled to an offset of interest paid to plaintiff on the income tax over-assessments resulting from the deficiency, which overassess-ments were later eliminated in part concurrently with the deficiencies in excess profits taxes?
The allegations of the petition show that plaintiff filed its income and excess profits tax returns for the years 1942 and 1943 and paid the taxes shown due thereon. September 13,-1943, plaintiff filed an application, with respect to the year 1942, for relief under section 722 of the Internal Revenue Code, which was withdrawn on May 15, 1944. March 13, 1946, plaintiff filed another application for relief for the year 1942 under section 722, and in a statement attached thereto also claimed an unused excess profits tax credit from the year 1944.
July 5, 1949, plaintiff filed, with respect to the year 1943, an application for relief under section 722.
Deficiencies in excess profits taxes of $30,715.58 for 1942, and $10,172.91 for 1943, were determined and pursuant to waivers filed by the plaintiff on June 18,1948, were assessed. These deficiencies were caused by statutory adjustments not related to the section 722 relief. Interest was assessed on these deficiencies from the date or dates of payment to July 18,1948, thirty days after the filing of the waivers, referred to above, in the respective amounts of $6,141.08 for 1942, and $6,476.04 for 1943. The determination of these deficiencies resulted in overessessments of income taxes for the respective *120 years. Interest on these overessessments of income taxes, amounting to $1,733.94 for 1942, and $1,428.77 for 1943, was allowed and refunded to plaintiff.
August 9, 1951, the plaintiff was advised of overassess-ments of excess profits tax for 1942 and 1943 in the amounts of $12,467.24 and $10,172.91. Plaintiff duly filed a waiver of restrictions on assessment and collection which included the resulting income tax deficiencies and the amounts of the overassessments were duly paid or credited to the plaintiff.
On the overassessment for 1942, the Commissioner of Internal Kevenue refunded interest of $1,007.63, representing interest on $12,467.24 at six percent, computed from March 13,1947, one year after the filing of the application for relief, to July 18, 1948, the date to which interest was assessed on the prior deficiency. No part of the interest paid for 1943 was refunded.
The overassessment for 1942 resulted from the allowance of relief under section 722, and the carry-back of an unused excess profits credit from 1944. The amount attributable to the increase in credit under section 722 was $7,902.86, and that attributable to the carry-back of the unused excess profits credit was $4,564.36. The allowance of the unused excess profits credit for 1944 was caused by the use of a constructive average base period income credit for 1944, which was allowed at the same time relief under section 722 was allowed for 1942.
The allowance of the overassessment in excess profits tax for 1942 resulted in an income tax deficiency of $8,157.58. Of this amount, $5,171.02 resulted from the increase in credit under section 722 for 1942, and $2,986.56 resulted from the carry-back of the unused excess profits credit from 1944. For 1943, the allowance of relief under section 722 resulted in a deficiency in income tax of $5,990.71, all of which was attributable to allowance of relief under section 722.
The facts disclosed by the allegations of the petition and the record in this case show that the question presented involves a claim for interest on overpayments of deficiencies for 1942 and 1943, which overpayments resulted from the application of the provisions of section 722 of the Internal Keve-nue Code, 26 U. S. C. (1940 ed.) 722.
*121 The case is controlled by the decision in United States v. Koppers Co., 348 U. S. 254. On the authority of that case the plaintiff’s motion for summary judgment is denied. The defendant’s motion is granted and the petition is dismissed.